# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 95-11068
Summary Calendar

DENNIS HAMPTON,

Plaintiff-Appellant,

versus

GEORGE E. KILLINGER, Warden,
FCI, Fort Worth; D. HAAS, Associate
Warden (M); J. BARRY, Director of
Medical; UNKNOWN OFFICER, TWO;
G. KANAN, Dr.; W. SHAMBURGER, Dr.;
J. GOMEZ, Pa.; S. WILSON, Pa.;
A. CUBB, Dr.;, J. REYES, Dr.;
H. BALDWIN PRICE, Dr.; COLENAR, Dr.;
MIKLAND, Dr.; ROJAS, Pa.; NYCZ, Dr.;
HARTMAN, Pa.; BALL, Pa.; SPIEGLER, Dr.;
DAVENPORT, Lt.; M.E. McBRIDE, ARC;
CHARLES TURNBO, Director; G. CIMOCH, ARC;
JOHN MEGATHLIN, ANIA; HOLLANDER, Dr.,

Defendants-Appellees.

Appeal from the United States District Court
For the Northern District of Texas
(4:94-CV-725-E)

June 5, 1996

Before POLITZ, Chief Judge, JOLLY and DeMOSS, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Dennis Hampton, a federal inmate, in his **Bivens** action seeks recovery for an injury to his jaw resulting from his fall from an upper bunk. He alleges his injury resulted from the deliberate indifference of employees of the Federal Medical Center, Fort Worth, Texas, to his medical needs.[1] The district court granted the defendants summary judgment; Hampton timely appeals.

Hampton has moved this court to order an evidentiary hearing in the district court. Our review of the record reveals no sound basis for this request, and it is accordingly denied.

We review the summary judgment record *de novo*.[2] Hampton claims that his injury is attributable to the failure of FMC medical personnel to timely and adequately treat his dizziness, vertigo, and "panic disorder with symptom of unsteadiness," and a medical review panel's denial of his request to be transferred to a lower bunk. The records and affidavits filed by the defendants, as well as the facts recited in Hampton's own submissions to the court, establish that his complaints were considered by the medical staff in a timely and responsive manner.[3] Insofar as Hampton complains that he was denied specific treatments or remedies, his "claim of 'deliberate indifference to his medical condition' mean[s] merely that he disagreed with his doctors and was unhappy with the results of his medical treatment."[4] Furthermore, there is nothing in the record which suggests that the staff's failure to transfer Hampton to a lower bunk "was much more likely than not to result in serious

---

[1]**Farmer v. Brennan**, 114 S.Ct. 1970 (1994); **Bivens v. Six Unknown Named Agents**, 403 U.S. 388 (1971).

[2]**Weyant v. Acceptance Ins. Co.**, 917 F.2d 209 (5th Cir. 1990).

[3]Compare **McCord v. Maggio**, 910 F.2d 1248 (5th Cir. 1990); **Martinez v. Griffin**, 840 F.2d 314 (5th Cir. 1988); **Bass v. Sullivan**, 550 F.2d 229 (5th Cir. 1977).

[4]**Spears v. McCotter**, 766 F.2d 179, 181 (5th Cir. 1985).

medical consequences."[5]  The district court did not err.

AFFIRMED.

---

[5]**Johnson v. Treen**, 759 F.2d 1236, 1238 (5th Cir. 1985).  <u>See</u> <u>also</u> **Woods v. Edwards**, 51 F.3d 577 (5th Cir. 1995); **Jackson v. Cain**, 864 F.2d 1235 (5th Cir. 1989).